UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OMARR JOHNSON,<br><br>                Plaintiff,<br>    v.<br><br>CITY OF VANCOUVER,<br><br>                Defendants. | Case No. 3:23-cv-5009-DGE<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR JULY 21, 2023 |

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* (IFP) and his proposed amended complaint (Dkt. 10). This matter has been referred for review of the IFP application to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). After careful consideration of the proposed amended complaint, the Court recommends that plaintiff's IFP application should be DENIED and this case be dismissed for failure to state a claim.

                **I.**      **Background**

Plaintiff filed his complaint on January 3, 2023. Dkt. 1. After reviewing plaintiff's complaint, the Court issued an Order to Show Cause, giving plaintiff leave to amend his complaint to address the issues identified by the Court. *Id.*

In his proposed amended complaint, plaintiff–proceeding *pro se*--claims that his Constitutional rights were violated by defendants. Dkt. 10 at 6. The complaint asserts

REPORT AND RECOMMENDATION - 1

that the City of Vancouver Prosecuting Attorney and the City of Vancouver Police Chief engaged in fraud, tortious negligence, deprivation of Constitutional rights, breach of a fiduciary duty, and conspiracy. Dkt. 10 at 5-8. Plaintiff alleges that the City of Vancouver Prosecuting Attorney engaged in a pattern of selective prosecution with the aim of deterring Mr. Johnson's efforts to "report government corruption". *Id*. Dkt. 10 at 5-7. Plaintiff does not provide facts that give rise to this claim. Similarly, in naming City of Vancouver Police Department, Chief Jeff Mori as a defendant, plaintiff does not outline any direct actions taken by defendant Mori.

## II.  Discussion

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. See 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied 375 U.S. 845 (1963).

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing

*Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); see also *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

**A. Improper Defendants**

While it is true that a detailed factual allegation is not required – the pleading standard requires more than a simple, "unadorned" statement of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). An unrepresented plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a

1 cause of action" are not sufficient. *See id.* at 681; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012).

Here, plaintiff's amended complaint contains allegations of unconstitutional conduct, but does not provide factual support for these allegations, rendering his statements conclusory. The conclusory nature of plaintiff's amended complaint do not constitute a facially plausible claim for relief.

Further, while municipalities such as the City of Vancouver are subject to suit under § 1983, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978), they may only be liable if their policies or customs are the "'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (*quoting v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)). In order to state a claim against a county or other municipal entity a plaintiff must show that defendant's employees or agents acted through an official custom, practice, or policy that permits deliberate indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690-91; *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). To establish municipal liability under § 1983, a plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)

Here, plaintiff fails to identify a policy or ordinance that was the moving force behind the alleged Constitutional violations. While plaintiff alleges that there are employees of the City of Vancouver that acted unconstitutionally, plaintiff provided no

NOTED FOR JULY 21, 2023 - 4

facts to show that the municipality's policies were the moving force behind the alleged violations. Without such showing, plaintiff's complaint is insufficient.

**B. Improper Defendants**

Plaintiff has further named multiple defendants who are improper and/or are immune from suit.

1. Defendant City of Vancouver Prosecuting Attorney

Plaintiff alleges defendant, the Prosecuting Attorney for the City of Vancouver, has engaged in a targeted conspiracy to violate his civil rights by engaging in malicious prosecution and submitting false affidavit. Dkt. 10 at 6, 8. Under 42 U.S.C. § 1983, prosecutors are entitled to absolute immunity from liability for damages when they are acting "within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (affirming a Ninth Circuit decision to dismiss a civil claim against a prosecutor because he was acting in his official capacity).

Here, plaintiff summarily alleges that the City of Vancouver Prosecuting Attorney engaged in malicious prosecution. As defendant acted in their official capacity, and plaintiff has not shown otherwise, defendant enjoys absolute immunity from civil suits brought under § 1983 and is improperly named.

2. Defendant Chief Jeff Mori

Plaintiff has named defendant Mori, the Police Chief for the City of Vancouver, in his amended complaint. Allegations against personal participants must meet a high standard under 42 U.S.C. § 1983. Plaintiff must allege facts that show a causal link

NOTED FOR JULY 21, 2023 - 5

between the defendant's conduct and the deprivation of plaintiff's Constitutional rights. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Id.* Facts attesting to the individuals "deliberate indifference" are necessary and "sweeping conclusory allegations" are insufficient to avoid dismissal. *Id* at 634. Vicarious liability alone cannot provide the basis for the allegation. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff asserts that his 14th Amendment due process rights were violated by defendant Mori, but does not offer sufficient facts to establish a causal link between the actions of defendant Mori and the alleged deprivation. Instead, plaintiff summarily states that his rights have been violated.

### C. Leave to Amend

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a plaintiff who is unrepresented by counsel is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). However, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff has been afforded an opportunity to amend his complaint to satisfy the requirements enumerated above, but has not done so. The complaint, as it stands today, fails to outline a set of facts, fails to state a legally cognizable claim, and names improper defendants. As the plaintiff has already been afforded an opportunity to amend

his complaint and, as his amended complaint shows no indication that another opportunity to do so would yield better results, this Court recommends dismissal.

Because the undersigned is recommending dismissal of all of plaintiff's federal claims, the undersigned also recommends that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims against these defendants, and that those claims should be dismissed without prejudice. *See Artis v. District of Columbia*, 138 S.Ct. 594 (2018) (Ordinarily, when a district court dismisses "all claims independently qualifying for the exercise of federal jurisdiction," it will dismiss all related state claims, as well.); *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 n. 3 (9th Cir.1997) (suggesting that a district court may, but need not, decide sua sponte whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law claims have been dismissed).

### III.    Conclusion

For the reasons discussed above, the Court recommends that plaintiff's motion to proceed IFP be denied and this matter be dismissed without prejudice. A proposed Order and proposed Judgment accompany this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July 21, 2023 as noted in the caption.

Dated this 30th day of June, 2023.

Theresa L. Fricke
United States Magistrate Judge

NOTED FOR JULY 21, 2023 - 8